UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LARRY JOHNSON,

Plaintiff,

v.                              4:12-cv-161

DEL MONTE FRESH PRODUCE N.A., INC., and LUMBERMEN'S MUTUAL CASUALTY CO.,

Defendants.

## ORDER

### I. INTRODUCTION

Before the Court is Larry Johnson's ("Johnson") Motion for Entry of Default Judgment and Application for Attorney's Fees and Costs of Enforcement Action. ECF No. 11. For the following reasons, the Court *GRANTS* Johnson's motion in full.

### II. BACKGROUND

On May 8, 2008, Johnson filed a claim against Defendants under the Longshore and Harbor Workers' Compensation Act ("LHWCA") for benefits allegedly due because of work related hearing loss. ECF No. 1 at 2. An Administrative Law Judge ("ALJ") granted in part Johnson's claim. *See id.* Both parties appealed to the Benefits Review Board ("Board"), which subsequently affirmed the ALJ on June 15, 2011. *Id.* Neither party appealed the Board's decision, which became final after sixty days. *Id.*; *see also* 18 U.S.C. § 921(c) (setting the time period for appeals of the Board's decisions at sixty days).

Johnson later received two awards—one from the District Director of the Department of Labor, Office of Workers' Compensation Programs ("Director") for $1,593.75, and one from the ALJ for $9,000—for attorney's fees related to work performed on his LHWCA claim. *See* ECF No. 1 at 2. Defendants never sought review of the awards under 18 U.S.C § 921(c). *Id.* at 3.

Defendants also did not initially pay the fee awards. *Id.* Johnson then instituted this action under 18 U.S.C. § 921(d) to enforce those awards. Defendants failed to answer the complaint and Johnson moved for, and the clerk granted, entry of default. ECF Nos. 8; 9. After entry of default, but still without filing an answer, Defendants paid both awards. *See* ECF Nos. 11-1 (check for $1,593.75 paid August 10, 2012); 11-2 (check for $9,000 paid August 15, 2012).

Johnson now seeks a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants for the amount of the awards, with credit given for payment, and for $5,100 in attorney's fees and $671.92 in costs related to bringing this action. ECF No. 11 at 3. The costs include line items for this case's filing fee, postage, process server fees, online legal research, and fax transmission charges. ECF No. 11-5 at 1.

### III. ANALYSIS

Federal Rule of Civil Procedure 55(a) requires the clerk to enter a party's default if that party "has failed to plead or otherwise defend." A default concedes the truth of a complaint's well-pleaded factual allegations.

*See Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

Defendants unquestionably defaulted. And Johnson's complaint contains factual allegations—that Defendants, by defaulting, concede are true—showing his entitlement to the fee awards. See ECF No. 1 at 2-3 (stating that Johnson received two awards of attorney's fees, both of which became final after Defendants failure to appeal). Defendants' default therefore established liability for both awards. *See Nishimatsu*, 515 F.2d at 1206. Although Defendants' payment of the awards after the initiation of this case moots the underlying dispute here, Johnson is correct that an issue over attorney's fees for prosecution of this action remains.

"If any employer . . . fails to comply with a compensation order making an award, that has become final, any beneficiary of such award . . . may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred." 18 U.S.C. § 921(d). Importantly, § 921(d) proceedings, like this case, are the proper avenue for enforcement of attorney's fee awards that are final, as the awards are here. *See, e.g., Wells for Use of Rossiello v. Int'l Great Lakes Shipping Co.*, 693 F.2d 663, 665 (5th Cir. 1982).

Section 921(d) proceedings themselves also can give rise to attorney's fees awards. *See Millet v. Avondale Indus., Inc.*, No. Civ.A. 02-1155, 2003 WL 548879, at *2 (E.D. La. Feb. 24, 2003); *see also* 18 U.S.C. § 928(c) ("If any proceedings are had before the Board or any court for review of any . . . award . . . the Board or court may approve an attorney's fee for the work done before it by the attorney for the claimant.").

*Millet* is instructive. There, the court granted an award of fees to an attorney for work done on a § 921(d) action brought to enforce a final award of attorney's fees made by an ALJ and affirmed by the Board and Fifth Circuit. 2003 WL 548879 at *2. To not grant the award, reasoned the court, would undercut the purpose of the LHWCA—to aid longshoremen by assuring an award of attorney's fees does not diminish the compensation obtained by a claimant. *Id.* Denial would, moreover, award the defendant's bad behavior of refusing to pay a final award of attorney's fees until after the claimant brought a § 921(d) action. *Id.*

So too here. Defendants never appealed the fee awards underlying this dispute. ECF No. 1 at 3. Yet Defendants refused to pay those awards until after Johnson initiated this § 921(d) action. To not grant Johnson's request for fees related to the prosecution of this case would, as would a denial of the request in *Millen*, undercut the purpose of the LHWCA and reward Defendants' strategy of delay. The Court cannot sanction such a strategy. All that remains therefore is to determine the proper amount for the fee award Johnson requests.

Johnson asks the Court to award $300 per hour in attorney's fees for seventeen hours of work, for a total of $5,100. See ECF No. 11-5 at 2-3. He also requests $671.92 in costs, such as postage and filing

---

[1] The Eleventh Circuit has adopted as binding all decisions of the Fifth Circuit entered prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

fees. *Id.* at 1. The Court finds both amounts to be reasonable in relation to the services performed.

Johnson's counsel spent an appropriate amount of time preparing the filings for this case and does not request an exorbitant hourly rate. In fact, the hourly rate requested is less than that used to calculate the Director's award. *See* ECF No. 11 at 3. Johnson's requested costs likewise stem from a reasonable amount of online legal research, postage, filing fees, and fees paid to process servers. *See* ECF No. 11-5 at 1.

### IV. CONCLUSION

The Court therefore **GRANTS** Johnson's motion in full. Defendants cannot refuse to pay a legitimate award of fees under the LHWCA until after a lawsuit is filed and expect to avoid paying the costs of that action.

The Clerk is **DIRECTED** to enter a default judgment against Defendants in the following amounts: $1,593.75 for the attorney's fee award from the Director, with credit to Defendants for the same amount already paid to Johnson; $9,000 for the attorney's fee award from the ALJ, with credit to Defendants for the same amount already paid to Johnson; $5,100 in attorney's fees related to this action; and $671.92 in costs related to this action.

This 2 day of January 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA